The defendant corporation was adjudged insolvent in 1932, and a receiver appointed who was given authority "in his discretion, *Page 212 
if he deems it for the best interests of the creditors and stockholders of said corporation" to continue its business. The business was the development of a tract of land known as Meadow Brook Estates.
The receiver's inventory listed assets of $370,924. If against this figure be set the amount of claims allowed by him, $46,949, there was an apparent equity for stockholders of $323,975. The receiver's first intermediate account, approved May 22d 1934, showed net assets of $167,909, or a shrinkage for the period of $156,066.
The receiver has now filed his second intermediate account. He charges himself with the cash balance on his first account and with subsequent cash receipts, and sets forth his cash disbursements, giving for each item the date, the name of the payer or payee, and the amount, but not the nature of the receipt or disbursement. He annexes to his list of cash transactions a statement of assets and liabilities, showing a balance of $38,570. But he does not in any way tie up his figures (save cash) with the account of 1934. Only from a comparison of the two accounts does it appear that the estate has suffered a further loss of $117,496. No explanatory report accompanies the account.
The receiver will be directed to file an amended account and report.
A receiver must account not only for the cash which comes into his hands but for all assets of whatever nature committed to his charge. Usually the first item of charge in an account is the amount of the inventory; but in the present instance, the receiver should base his account on the statement of assets contained in his first account. For instance, he then held mortgages of $47,745 and land appraised at $230,050; he now states his mortgages at $2,572 and his land at $94,950. Does that mean that he has collected $45,173 on the mortgages and has sold land amounting to $135,100? I suppose not, since his total receipts in the period are put at $60,368. He must show what has become of the mortgages and lands which he no longer holds. If the discrepancy in the figures results *Page 213 
from a change in valuations, that should be made apparent, and the reason for the change be given.
The receiver should account not only for capital assets but for income; income actually received, as well as that which he would naturally be expected to receive. Here I have in mind interest on mortgages, rents and the like.
A mere list of disbursements is not enough. The reason for each disbursement must be indicated in order that the court may consider whether it was justified. For example: "Premium on receiver's bond" or "Carpentry repairs to house at 13 Jones Road." There should also be explanation of the liabilities, similar to that given for disbursements.
Ordinarily a profit and loss statement is unnecessary, but in a case like that before me, it would be helpful. If the estate is actually dwindling $2,500 or so a month, the situation should be made clearly to appear, together with the reasons therefor. And of course the account should be accompanied by an explanatory report, relating briefly the progress of the receivership, the problems still to be solved, and whatever the receiver thinks important enough to present to the court. In fine, the purpose of an account is to enable interested parties, and the court, to ascertain what the receiver has done in administering the estate (and why), and what is the present situation with regard thereto, and to determine whether the receiver has properly executed his trust, and whether his present methods of winding up the estate should be continued or changed.
I have not overlooked the fact that the receiver, contrary to the requirements of the statute and the chancery rules, has allowed almost four years to pass since his last account. It is the duty of every receiver to file a report and account every six months. Corporation act, section 74; R.S. 1937 14:14-13;
Chancery rule 251 (ed. 1934). *Page 214